| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>FOR THE DISTRICT OF NEW JERSEY<br>**Caption in compliance with D.N.J. LBR 9004-1** | |
| **BECKER LLC**<br>Eisenhower Plaza Two, Suite 1500<br>354 Eisenhower Parkway<br>Livingston, New Jersey 07039<br>(973) 422-1100<br>Counsel to Eric R. Perkins, Chapter 7 Trustee for the Debtor, Laurence Braunstein<br>Attorney Appearing: BARRY S. CRANE, ESQ.<br>Email: bcrane@becker.legal | |
| In re:<br><br>LAURENCE M. BRAUNSTEIN,<br><br>                    Debtor. | Chapter 7<br><br>Case No. 18-17496<br><br>Judge: Hon. Vincent F. Papalia |
| ERIC R. PERKINS, CHAPTER 7 TRUSTEE,<br><br>                    Plaintiff,<br><br>v.<br><br>PENNYMAC, CORP.<br><br>                    Defendant. | Adversary No. 20-_____ |

**COMPLAINT (I) TO AVOID AND RECOVER PROPERTY TRANSFERRED BY DEBTOR OR ITS EQUIVALENT VALUE PURSUANT TO 11 U.S.C. §§ 544, 548, AND 550 AND APPLICABLE NON-BANKRUPTCY LAW; (II) TO DISALLOW CLAIMS PURSUANT TO 11 U.S.C. § 502(d); (III) TO FIND UNJUST ENRICHMENT AND IMPOSE CONSTRUCTIVE TRUSTS; AND (IV) FOR OTHER RELATED RELIEF**

Plaintiff, ERIC R. PERKINS, Chapter 7 Trustee (the "Trustee" or "Plaintiff") for Laurence M. Braunstein (the "Debtor"), by and through his undersigned counsel, Becker LLC, by way of Complaint against defendant PENNYMAC, CORP. (the "Defendant"), hereby alleges and says as follows:

1

## NATURE, JURISDICTION, AND VENUE

1. This is an adversary proceeding brought by the Trustee to avoid and recover property transferred by the Debtor or its equivalent value pursuant to 11 U.S.C. §§ 544, 548, and 550 of title 11 of the United States Code, 11 *U.S.C.* §§ 101, *et. seq.* (the "Bankruptcy Code"), applicable non-bankruptcy law, and Rules 3007 and 7001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"); (ii) to disallow claims pursuant to 11 U.S.C. § 502(d); (iii) to find unjust enrichment and impose constructive trusts; and (iv) for other related relief.

2. The United States Bankruptcy Court for the District of New Jersey (the "Court") has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 157 and 1334.

3. This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (E), (F), (H) and (O). To the extent necessary, the Trustee consents to the final order or judgment of this Court.

4. Venue is properly in the Bankruptcy Court pursuant to 28 U.S.C. § 1409.

## THE PARTIES

5. On April 17, 2018, the Office of the United States Trustee for Region 3 (the "U.S. Trustee") appointed the Trustee as the Chapter 7 trustee for the Debtor's bankruptcy estate created pursuant to 11 U.S.C. § 541 (the "Estate").

6. Upon information and belief, Defendant is a lending institution doing business in the State of New Jersey and having a registered agent of The Corporation Trust Company, 820 Bear Tavern Road, West Trenton, New Jersey 08628.

7. The Debtor is an individual having an address of 20 West Palisade Avenue, #2230, Englewood, New Jersey 07631.

**FACTUAL BACKGROUND**

A. **The Debtor's Bankruptcy Case.**

8. On April 16, 2018 (the "Commencement Date"), the Debtor, through his counsel, Wasserman, Jurista & Stolz, P.C. ("Debtor's Counsel"), filed a voluntary petition [ECF #1] (the "Petition") for liquidation under chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the District of New Jersey (the "Bankruptcy Court") commencing the proceedings styled, *In re Laurence Braunstein*, Bankr. No. 18-17496 (the "Chapter 7 Case").

9. Thereafter, the Office of the United States Trustee for Region 3 (the "U.S. Trustee") appointed the Trustee in the Chapter 7 Case pursuant to Bankruptcy Code § 701 to administer the Estate. [ECF #3]. No other trustee has been elected or designated pursuant to Bankruptcy Code §§ 702 or 703.

B. **The Debtor's Professional and Family Life.**

10. Prior to the Chapter 7 Case, the Debtor was a highly paid financial broker. He had been employed by Janney Montgomery Scott LLC ("Janney").

11. A few years prior to the Commencement Date, the Debtor resigned from Janney and joined Morgan Stanley Smith Barney LLC ("Morgan Stanley").

12. Upon information and belief, litigation related to the Debtor's new position with Morgan Stanley was a major precipitating factor in the Debtor's commencing the Chapter 7 Case.

13. Outside of work, the Debtor had a very complicated family life. He had been divorced from his first wife, with whom he had one child. He had at least two other relationships through which he has other children.

14. The Debtor scheduled over $12,000,000 in creditor claims and listed assets of less than $1,100,000. [See *Summary of Assets and Liabilities, Petition* at p. 9.] The filed claims in the

3

Debtor's Chapter 7 Case exceed $6,730,000, including $96,289.61 in secured claims and $25,592.43 in priority claims.

C. **Transfer at Issue.**

15. Between April 16, 2014, and the Commencement Date, the Debtor made various transfers in the minimum amount of $159,807.53 to Defendant as set forth in Exhibits A and B to this Complaint (collectively the "Subject Transfers").

16. Between April 16, 2016 and the Commencement Date, the Debtor made transfers in the minimum amount of $41,939.09 to Defendant as set forth in Exhibit "A" to this Complaint (the "Two-Year Transfers").

17. Between April 16, 2014 and the Commencement Date, the Debtor made transfers in the minimum amount of $159,807.53 to Defendant as set forth in Exhibit "B" to this Complaint (the "Four-Year Transfers").

18. The Debtor has no contractual or other duty or relationship with Defendant or anyone else requiring him to make the Subject Transfers and consequently had no legal obligation to make the Subject Transfers.

19. The Trustee's investigation of the Debtor's financial affairs is ongoing. To the extent the Debtor made other transfers to Defendant, the Trustee may amend this Complaint to add additional transfers.

**COUNT ONE**
**Avoidance of Constructive Fraudulent Transfers – Actual**
**(11 U.S.C. § 548(a)(1)(A))**

20. The Trustee repeats each of the allegations set forth in the foregoing paragraphs of the Complaint as if fully set forth herein.

4

21. The Debtor made the Two-Year Transfers to Defendant during the two (2) year period prior to the Commencement Date.

22. The Debtor made the Two-Year Transfers to Defendant with the actual intent to hinder, delay, and defraud the Debtor's creditors of their just claims against the Debtor.

23. As a result, the Two-Year Transfers constitute fraudulent transfers under 11 U.S.C. § 548(a)(1)(A).

24. The transfers are not exempt from avoidance under the provisions of 11 U.S.C. § 546.

25. Accordingly, the Trustee may recover from Defendant the property transferred of its value pursuant to 11 U.S.C. § 550(a).

WHEREFORE, the Trustee demands judgment against Defendant as follows:

(i) avoiding the Two-Year Transfers;

(ii) for the value of the Two-Year Transfers;

(iii) awarding compensatory damages;

(iv) awarding interest on such amounts;

(v) awarding reasonable attorneys' fees and costs of suit; and

(vi) for such other and further relief as the Court deems just and equitable.

## COUNT TWO
### Avoidance of Constructive Fraudulent Transfers – Constructive
### (11 U.S.C. § 548(a)(1)(B))

26. The Trustee repeats each of the allegations set forth in the foregoing paragraphs of the Complaint as if fully set forth herein.

27. The Debtor made the Two Year Transfers to Defendant, for the benefit of certain of the Debtor's family members ("Beneficiaries"), without receiving reasonably equivalent consideration in exchange therefor and while the Debtor was insolvent.

5

28. As a result, the Two-Year Transfers constitute fraudulent transfers under 11 U.S.C. § 548(a)(1)(B).

29. The transfers are not exempt from avoidance under the provisions of 11 U.S.C. § 546.

30. Accordingly, the Trustee may recover from Defendant the property transferred or its value pursuant to 11 U.S.C. § 550(a).

WHEREFORE, the Trustee demands judgment against Defendant as follows:

(i) avoiding the Two-Year Transfers;

(ii) for the value of the Two-Year Transfers;

(iii) awarding compensatory damages;

(iv) awarding interest on such amounts;

(v) awarding reasonable attorneys' fees and costs of suit; and

(vi) for such other and further relief as the Court deems just and equitable.

## COUNT THREE
### Avoidance of Fraudulent Transfers – State Law Actual Fraud
**(11 U.S.C. § 544, N.J.S.A. 25:2-25(a), N.J.S.A. 25:2-27, and N.J.S.A. 25:2-29)**

31. The Trustee repeats each of the allegations set forth in the foregoing paragraphs of the Complaint as if fully set forth herein.

32. The Debtor made the Four-Year Transfers to Defendant during the four (4) years period prior to the Commencement Date with the actual intent on the part of the Debtor to hinder, delay, and defraud the Debtor's creditors of their just claims against the Debtor.

33. As a result, the Four-Year Transfers constitute fraudulent transfers under 11 U.S.C. § 544, N.J.S.A. § 25:2-25(a), N.J.S.A. § 25:2-27, and N.J.S.A. § 25:2-29.

34. Accordingly, the Trustee may recover from Defendant the property transferred or its value pursuant to 11 U.S.C. § 550(a).

WHEREFORE, the Trustee demands judgment against Defendant as follows:

(i) avoiding the Four-Year Transfers;

(ii) for the value of the Four-Year Transfers;

(iii) awarding compensatory damages;

(iv) awarding interest on such amounts;

(v) awarding reasonable attorneys' fees and costs of suit; and

(vi) for such other and further relief as the Court deems just and equitable.

## COUNT FOUR
**Avoidance of Fraudulent Transfers – State Law Constructive Fraud**
**(11 U.S.C. § 544, N.J.S.A. 25:2-25(b), N.J.S.A. 25:2-27, and N.J.S.A. 25:2-29)**

35. The Trustee repeats each of the allegations set forth in the foregoing paragraphs of the Complaint as if fully set forth herein.

36. The Debtor made the Four-Year Transfers to Defendant for the benefit of the Beneficiaries without receiving reasonably equivalent consideration in exchange therefor, for antecedent debts owed thereby and while the Debtor was insolvent.

37. Given the small value of the Debtor's estate in comparison with his sizeable liabilities, the Debtor made the Four-Year Transfers with the belief that he could not pay his debts as they became due, if not the outright intention not to pay his debts. At a minimum, the Debtor reasonably should have believed that he could not make the Four-Year Transfers and continue to pay his debts as they became due.

38. As a result, the Four-Year Transfers constitute fraudulent transfers under 11 U.S.C. § 544, N.J.S.A. § 25:2-25(b); N.J.S.A. 25:2-27, and N.J.S.A. § 25:2-29.

7

39. The transfers are not exempt from avoidance under the provisions of 11 U.S.C. § 546.

40. Accordingly, the Trustee may recover from Defendant the property transferred or its value pursuant to 11 U.S.C. § 550(a).

WHEREFORE, the Trustee demands judgment against Defendant as follows:

(i) avoiding the Four-Year Transfers;

(ii) for the value of the Four-Year Transfers;

(iii) awarding compensatory damages;

(iv) awarding interest on such amounts;

(v) awarding reasonable attorneys' fees and costs of suit; and

(vi) for such other and further relief as the Court deems just and equitable.

## COUNT FIVE
### Disallowance of Defendant's Claims
### (11 U.S.C. § 502(d))

41. The Trustee repeats each of the allegations set forth in the foregoing paragraphs of the Complaint as if fully set forth herein.

42. Pursuant to 11 U.S.C. § 502(d), the claim of any entity or transferee receiving a payment that is avoidable under 11 U.S.C. §§ 544 or 548 shall be disallowed unless the entity or transferee turns over the payment or value of the payment.

43. Defendant is the transferee of the Two-Year Transfers and Four-Year Transfers (collectively, supra, the "Subject Transfers").

44. Defendant has, or may claim to have, claims against the Debtor's estate.

45. Defendant has neither paid nor surrendered the Subject Transfers or the value of the Subject Transfers to the Trustee.

8

46. The Trustee objects to any and all claims of Defendant, including, without limitation, all prepetition and postpetition claims, pursuant to 11 U.S.C. § 502(d).

WHEREFORE the Trustee is entitled to judgment against Defendant disallowing all claims of Defendant unless and until Defendant returns all amounts due to the Debtors' bankruptcy estates, and any other separately filed objections to such claims are resolved as provided by 11 U.S.C. § 502(d).

## COUNT SIX
### Unjust Enrichment

47. The Trustee repeats each of the allegations set forth in the foregoing paragraphs of the Complaint as if fully set forth herein.

48. Defendant has been unjustly enriched by the Debtor's payment to it on behalf of the Beneficiaries without receiving equivalent value in exchange therefor.

49. The unjust enrichment to Defendant prejudices the rights of the Debtor, the Trustee and the Debtor's creditors.

50. Equity mandates that the Subject Transfers be returned to the estate.

WHEREFORE, the Trustee demands judgment against Defendant as follows:

(i) avoiding the Subject Transfers;

(ii) for the value of the Subject Transfers;

(iii) awarding compensatory damages;

(iv) awarding interest on such amounts;

(v) awarding reasonable attorneys' fees and costs of suit; and

(vi) for such other and further relief as the Court deems just and equitable.

## **RESERVATION OF RIGHTS**

51. The Trustee reserves the right to assert additional claims or causes of action against any third party relating to the subject matter of this action or otherwise as may be permitted under the Bankruptcy Code or by agreement.

52. During the course of this adversary proceeding, the Trustee may learn (through discovery or otherwise) of additional avoidable and recoverable transfers made to Defendant other than those identified on the exhibits annexed hereto. Because he intends to avoid and recover any and all transfers made by the Debtor as permitted under applicable law, the Trustee reserves the right to: (a) amend this Complaint to include and identify additional transfers, information regarding the claims for relief herein, claims or causes of action and/or information regarding or modifications to the name of Defendant; and (b) have any such amendments relate back to the filing of this Complaint.

        **BECKER LLC**
        Counsel to Eric R. Perkins, as Chapter 7 Trustee

        By:    */s/Barry S. Crane, Esq.*
              Barry S. Crane, Esq.

Dated: May 20, 2020

# Exhibit A

**Schedule of Possible Preference Payments to Insiders & Other Significant Disbursements**
For the Four Year Period 4/16/2014 - 4/16/2018

| Payee | Beneficiary | Check No. | Check Date | Clearing Date | Amount | Account |
|---|---|---|---|---|---|---|
| PennyMac | | EFT | 5/12/2014 | 5/12/2014 | 4,790.16 | |
| PennyMac | | EFT | 6/12/2014 | 6/12/2014 | 4,790.16 | |
| PennyMac | | EFT | 8/22/2014 | 8/22/2014 | 9,821.08 | |
| PennyMac | | EFT | 9/3/2014 | 9/3/2014 | 5,000.00 | |
| PennyMac | | EFT | 10/16/2014 | 10/16/2014 | 4,790.16 | |
| PennyMac | | EFT | 11/13/2014 | 11/13/2014 | 4,790.16 | |
| PennyMac | | EFT | 1/5/2015 | 1/5/2015 | 4,903.04 | |
| PennyMac | | EFT | 3/12/2015 | 3/12/2015 | 4,805.16 | |
| PennyMac | | EFT | 7/15/2015 | 7/15/2015 | 29,904.96 | |
| PennyMac | | EFT | 7/16/2015 | 7/16/2015 | 4,919.84 | |
| PennyMac | | EFT | 8/18/2015 | 8/18/2015 | 4,914.84 | |
| PennyMac | | EFT | 9/16/2015 | 9/16/2015 | 4,919.84 | |
| PennyMac | | EFT | 10/16/2015 | 10/16/2015 | 4,919.84 | |
| PennyMac | | EFT | 11/17/2015 | 11/17/2015 | 4,919.84 | |
| PennyMac | | EFT | 12/16/2015 | 12/16/2015 | 4,919.84 | |
| PennyMac | | EFT | 1/19/2016 | 1/19/2016 | 4,919.84 | |
| PennyMac | | EFT | 2/17/2016 | 2/17/2016 | 4,919.84 | |
| PennyMac | | EFT | 3/16/2016 | 3/16/2016 | 4,919.84 | |
| PennyMac | | EFT | 4/18/2016 | 4/18/2016 | 4,919.84 | |
| PennyMac | | EFT | 5/17/2016 | 5/17/2016 | 5,343.21 | |
| PennyMac | | EFT | 6/16/2016 | 6/16/2016 | 5,343.21 | |
| PennyMac | | EFT | 7/18/2016 | 7/18/2016 | 5,343.21 | |
| PennyMac | | EFT | 8/16/2016 | 8/16/2016 | 5,343.21 | |
| PennyMac | | EFT | 6/12/2017 | 6/12/2017 | 5,242.03 | |
| PennyMac | | EFT | 7/18/2017 | 7/18/2017 | 5,242.03 | |
| PennyMac | | EFT | 9/1/2017 | 9/1/2017 | 5,162.35 | |
| **PennyMac Total** | | | | | **159,807.53** | |

# Exhibit B

## Schedule of Possible Preference Payments to Insiders & Other Significant Disbursements
### For the Two Year Period 4/16/2016 - 4/16/2018

| Payee | Beneficiary | Check No. | Check Date | Clearing Date | Amount | Account |
|---|---|---|---|---|---|---|
| PennyMac | | EFT | 4/18/2016 | 4/18/2016 | 4,919.84 | |
| PennyMac | | EFT | 5/17/2016 | 5/17/2016 | 5,343.21 | |
| PennyMac | | EFT | 6/16/2016 | 6/16/2016 | 5,343.21 | |
| PennyMac | | EFT | 7/18/2016 | 7/18/2016 | 5,343.21 | |
| PennyMac | | EFT | 8/16/2016 | 8/16/2016 | 5,343.21 | |
| PennyMac | | EFT | 6/12/2017 | 6/12/2017 | 5,242.03 | |
| PennyMac | | EFT | 7/18/2017 | 7/18/2017 | 5,242.03 | |
| PennyMac | | EFT | 9/1/2017 | 9/1/2017 | 5,162.35 | |
| **PennyMac Total** | | | | | **41,939.09** | |